IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE:  JENNIFER B. RICHICHI and ANTHONY T. RICHICHI 1807 TWINING ROAD WILLOW GROVE, PA 19090 DEBTORS | CHAPTER 13  BANKRUPTCY NO. 11-19198-mdc |
|---|---|

### STIPULATION AS TO PAYMENT OF POST PETITION COUNSEL FEES FOR DEBTORS

Counsel, Alfred M. Abel, Esq., and Debtors, Anthony and Jennifer Richichi STIPULATE and AGREE as follows:

1. Debtors, Anthony and Jennifer Richichi filed a Chapter 13 bankruptcy on December 1, 2011 with the above captioned court term and number.
2. Debtors paid Counsel a pre-petition payment of $4,450.00 consisting of $4,000.00 of attorney's fees and estimated costs of $450.00 to cover a Chapter 13 bankruptcy case and filing fees, credit reports and other expenses.
3. The fee agreement executed by the parties provides that this Pre-Petition payment excluded negotiations with parties or the bankruptcy trustee, reviewing settlements proposed by other parties, litigation, motions, hearings of any type, in bankruptcy court or state court and anyone additional work required to amend a previously filed item in addition to other work.
4. The fee agreement further provided that if any additional work was needed to complete the bankruptcy case that Counsel would be entitled to additional payment at a rate of $250.00 per hour plus any expenses incurred to complete case.
5. Counsel prepared schedules statements, related documents and a Chapter 13 plan ultimately leading to a confirmed Chapter 13 plan, on or about August 9, 2012.

6. To achieve a confirmed Chapter 13 plan Counsel attended a creditors meeting, reviewed proofs of claims filed by creditors, resolved objections to the confirmation of the plan filed by the trustee and other parties, and all work required to obtain a confirmed Chapter 13 plan.
7. Counsel also filed an adversary action to strip the second mortgage on or about March 21, 2012.
8. The adversary complaint was served, and the matter was resolved by stipulation, such that a second mortgage held by PNC bank on the debtors' primary residence was stripped off and treated as unsecured debt.
9. The stipulation resolving the adversary matter was filed on or about April 11, 2012. The adversary matter was finally disposed on August 8, 2012.
10. Counsel filed his initial application for application for Counsel fees on or about August 12, 2012.
11. An order allowing Counsel fees in the amount was entered by the court on or about September 17, 2012.
12. After the confirmation of the plan, debtor's spouse had inconsistent employment, causing the debtors to become delinquent in their payments to the trustee.
13. Accordingly, the trustee filed a motion to dismiss for failure to make payments on or about June 27, 2016.
14. Counsel advised the clients on how to catch up and resolve the motion to dismiss, and ultimately the motion was withdrawn on or about August 11, 2016.
15. Pursuant to the agreement initially signed by the debtor's and Counsel, the lien stripping adversary action and defending the motion to dismiss required work in excess of the basic work needed to achieve a confirmed Chapter 13 plan.
16. Further, counsel decided not to file a supplemental fee agreement during the case as doing so, in counsel's opinion, would have increased the monthly payments due to the trustee and jeopardized the case and in particular the

successful adversary action that stripped the second mortgage on debtor's primary residence.

17. Accordingly, counsel filed a supplemental fee petition for the additional work and advised debtors.
18. Instead, counsel and debtors agreed that any additional fees would be deferred until after the case was successfully completed. No specific payment terms were agreed upon, other than the amount due which is $1,725.00, and that the payment would be from debtors directly to counsel, and not through the trustee.
19. A hearing was scheduled on this matter that occurred on May 11, 2017. At that time counsel appeared with Mr. Richichi, at which time Mr. Richichi agreed in open court that counsel had done the work and that there was an agreement for payment of the additional fees.
20. Pursuant to that hearing, this stipulation was prepared and submitted to the court.
21. The fees are reasonable, counsel has not agreed to share any of this fee with anyone not a member of this firm, and the services provided were necessary to the completion of the Chapter 13 case.

Date:

_____
Anthony Richichi

_____
Jennifer Richichi

5/30/17 **No Objection:**
_____
TRUSTEE
*without prejudice to any trustee rights or remedies

_____
Alfred M. Abel, Esq.

By the Court:

_____
MAGDELINE D. COLEMAN
U.S. Bankruptcy Court Judge

June 9, 2017

3