United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 11-19198-mdc
Jennifer B Richichi                                                 Chapter 13
Anthony T. Richichi
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Virginia          Page 1 of 1          Date Rcvd: Jun 09, 2017
                             Form ID: pdf900         Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 11, 2017.
jdb/db          +Jennifer B Richichi,    Anthony T. Richichi,    1807 Twining Rd,    Willow Grove, PA 19090-3733

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 11, 2017                        Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 9, 2017 at the address(es) listed below:
          ALFRED   ABEL    on behalf of Debtor Anthony T. Richichi aa.law@alfredabellaw.com,
          G22350@notify.cincompass.com
          ALFRED   ABEL    on behalf of Joint Debtor Jennifer B Richichi aa.law@alfredabellaw.com,
          G22350@notify.cincompass.com
          ALFRED   ABEL    on behalf of Plaintiff Anthony T. Richichi aa.law@alfredabellaw.com,
          G22350@notify.cincompass.com
          ALFRED   ABEL    on behalf of Plaintiff Jennifer B Richichi aa.law@alfredabellaw.com,
          G22350@notify.cincompass.com
          ANDREW   SPIVACK    on behalf of Creditor    Aurora Bank FSB, paeb@fedphe.com
          BRIAN CRAIG NICHOLAS    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bnicholas@kmllawgroup.com,
          bkgroup@kmllawgroup.com
          D. TROY SELLARS    on behalf of Creditor    Aurora Bank FSB, D.Troy.Sellars@usdoj.gov
          DENISE ELIZABETH CARLON    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
          JACQUELINE M. CHANDLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
          philaecf@gmail.com
          KERI P EBECK    on behalf of Creditor    PNC Bank kebeck@weltman.com,   jbluemle@weltman.com
          MARISA MYERS COHEN    on behalf of Creditor    Nationstar Mortgage, LLC mcohen@mwc-law.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                        TOTAL: 13

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  JENNIFER B. RICHICHI and      CHAPTER 13

       ANTHONY T. RICHICHI

       1807 TWINING ROAD

       WILLOW GROVE, PA 19090      BANKRUPTCY NO. 11-19198-mdc

       DEBTORS

## STIPULATION AS TO PAYMENT OF POST PETITION COUNSEL FEES FOR DEBTORS

Counsel, Alfred M. Abel, Esq., and Debtors, Anthony and Jennifer Richichi
STIPULATE and AGREE as follows:

1. Debtors, Anthony and Jennifer Richichi filed a Chapter 13 bankruptcy on
December 1, 2011 with the above captioned court term and number.

2. Debtors paid Counsel a pre-petition payment of $4,450.00 consisting of $4,000.00
of attorney's fees and estimated costs of $450.00 to cover a Chapter 13
bankruptcy case and filing fees, credit reports and other expenses.

3. The fee agreement executed by the parties provides that this Pre-Petition
payment excluded negotiations with parties or the bankruptcy trustee, reviewing
settlements proposed by other parties, litigation, motions, hearings of any type, in
bankruptcy court or state court and anyone additional work required to amend
a previously filed item in addition to other work.

4. The fee agreement further provided that if any additional work was needed to
complete the bankruptcy case that Counsel would be entitled to additional
payment at a rate of $250.00 per hour plus any expenses incurred to complete
case.

5. Counsel prepared schedules statements, related documents and a Chapter 13
plan ultimately leading to a confirmed Chapter 13 plan, on or about August 9,
2012.

1

6. To achieve a confirmed Chapter 13 plan Counsel attended a creditors meeting, reviewed proofs of claims filed by creditors, resolved objections to the confirmation of the plan filed by the trustee and other parties, and all work required to obtain a confirmed Chapter 13 plan.

7. Counsel also filed an adversary action to strip the second mortgage on or about March 21, 2012.

8. The adversary complaint was served, and the matter was resolved by stipulation, such that a second mortgage held by PNC bank on the debtors' primary residence was stripped off and treated as unsecured debt.

9. The stipulation resolving the adversary matter was filed on or about April 11, 2012. The adversary matter was finally disposed on August 8, 2012.

10. Counsel filed his initial application for application for Counsel fees on or about August 12, 2012.

11. An order allowing Counsel fees in the amount was entered by the court on or about September 17, 2012.

12. After the confirmation of the plan, debtor's spouse had inconsistent employment, causing the debtors to become delinquent in their payments to the trustee.

13. Accordingly, the trustee filed a motion to dismiss for failure to make payments on or about June 27, 2016.

14. Counsel advised the clients on how to catch up and resolve the motion to dismiss, and ultimately the motion was withdrawn on or about August 11, 2016.

15. Pursuant to the agreement initially signed by the debtor's and Counsel, the lien stripping adversary action and defending the motion to dismiss required work in excess of the basic work needed to achieve a confirmed Chapter 13 plan.

16. Further, counsel decided not to file a supplemental fee agreement during the case as doing so, in counsel's opinion, would have increased the monthly payments due to the trustee and jeopardized the case and in particular the

successful adversary action that stripped the second mortgage on debtor's primary residence.

17. Accordingly, counsel filed a supplemental fee petition for the additional work and advised debtors.

18. Instead, counsel and debtors agreed that any additional fees would be deferred until after the case was successfully completed.  No specific payment terms were agreed upon, other than the amount due which is $1,725.00, and that the payment would be from debtors directly to counsel, and not through the trustee.

19. A hearing was scheduled on this matter that occurred on May 11, 2017.  At that time counsel appeared with Mr. Richichi, at which time Mr. Richichi agreed in open court that counsel had done the work and that there was an agreement for payment of the additional fees.

20. Pursuant to that hearing, this stipulation was prepared and submitted to the court.

21. The fees are reasonable, counsel has not agreed to share any of this fee with anyone not a member of this firm, and the services provided were necessary to the completion of the Chapter 13 case.

**Date:**

_____
Anthony Richichi

_____
Jennifer Richichi

5/30/17  **No Objection:**

_____
TRUSTEE
***without prejudice to any
trustee rights or remedies**

_____
Alfred M. Abel, Esq.

**By the Court:**

_____
MAGDELINE D. COLEMAN
U.S. Bankruptcy Court Judge

June 9, 2017

3